ALBERT R. ALLEN and Another v. CHARLES UPLINGER and Another.[1]

June 8, 1906.

Nos. 14,764—(109).

**Account Stated—Evidence.**

> A. mailed to B. an account of services rendered in connection with C., and money expended, and in an accompanying letter requested B. to call on C. and agree upon what should be paid C. A. agreed to accept the same amount, if not less than a stated sum. B. called on C., but did not reply to A.'s letter. In an action on an account stated, based on the acquiescence of B., it was error to exclude evidence of statements made by B. to C. in relation to the account.

Appeal by defendants from an order of the district court for Martin county, Quinn, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiffs for $455.71. Reversed.

*Mathwig & Sasse,* for appellants.

*Albert R. Allen* and *De Forrest Ward,* pro se.

ELLIOTT, J.

The action was to recover $433.78 upon an account stated. The plaintiffs had, in connection with other attorneys, rendered professional services for the defendants. On June 29, 1904, the plaintiffs mailed the defendants an itemized statement of their disbursements and charges. In this letter the plaintiffs state,

> We inclose you herewith statement of your account with us.
> * * * We only want to have the matter adjusted and ask you to take the matter up with the O'Neills and reach a settlement with them. The bill which we inclose is a copy of our ledger.
> * * * We will be satisfied with $250 in case the O'Neills are satisfied with a like amount, * * * but we will not accept a dollar more than they get under any circumstances. * * * We have sent a copy of this letter and the account as we have stated it to the O'Neills, and request that you take the matter up with them at once in order that it may be settled.

[1] Reported in 107 N. W. 1131.

When the defendants received this letter one of the firm took it to the O'Neills, and, as he affirms, objected to paying it. On the trial the defendants were not allowed to show the objections they made to the O'Neills. This was error. The plaintiffs referred the defendants to the O'Neills, and made them their agents to adjust the amount of the account with certain defined limits. It was claimed that the defendants had not objected to the account as rendered and that it therefore became and was, stated. 5 Current Law, 22. Under the circumstances, an objection made to the O'Neills would have shown that they did not acquiesce in the correctness of the account as rendered. They were directed to see the O'Neills and adjust the matters in controversy, and to that extent the O'Neills were made the agents of the plaintiffs. The court refused to permit Mr. Uplinger to state what he said to the O'Neills with reference to the correctness of the accounts, and the error was not cured or rendered innocuous by the subsequent admission of the testimony of Mr. O'Neill. The defendants were entitled to the testimony of Mr. Uplinger as to what occurred.

The order appealed from is therefore reversed, and a new trial granted.